# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES RASHID et al., : | |
| : | Civil No. 17-2805 (FLW) (TJB) |
| Plaintiffs, : | |
| : | |
| v. : | **MEMORANDUM AND ORDER** |
| : | |
| GARY M. LANIGAN et al., : | |
| : | |
| Defendants. : | |

**FREDA L. WOLFSON, U.S.D.J.:**

Charles Rashid, Ibn Pasha, and William McCray (collectively, "Plaintiffs"), as well as Sharob Abdul-Aziz, acting *pro se*, originally commenced this civil rights action under 42 U.S.C. § 1983 in April 2014, alleging that various practices in New Jersey prisons violate their First Amendment rights to free exercise of religion. In April 2017, after Abdul-Aziz demonstrated an intent to proceed under a separate pleading, the Court severed the matter into two separate actions. Plaintiffs in this action filed an amended complaint in October 2017.

Along with the amended complaint, Plaintiffs filed a motion seeking appointment of *pro bono* counsel. (ECF No. 8). They contend that they need an attorney to represent them given their unfamiliarity with the complex underlying law, the obstacles they face trying to litigate the case while incarcerated, and as they contend that the litigation will require factual investigation, credibility determinations, and expert testimony. (*Id.*)

Defendants, Gary M. Lanigan, Stephen D'Ilio, Andrew P. Sidamon-Eristoff, and Jignasa Desai-McCleary (collectively, "Defendants"), filed no response to Plaintiffs' motion for appointment of *pro bono* counsel. On December 8, 2017, however, Defendants moved to dismiss the amended complaint for failure to state a claim, under Federal Rule of Civil Procedure

12(b)(6). (ECF No. 13.) Plaintiffs then filed a motion, received by the Court on January 16, 2018, for an extension of their time to oppose the pending dismissal motion. (ECF No. 14.) The Court now addresses Plaintiffs' motions for appointment of *pro bono* counsel and for an extension of time to oppose the pending dismissal motion.

Generally, civil litigants have no constitutional or statutory right to counsel. *See United States v. Zoebisch*, 586 F. App'x 852, 856 (3d Cir. 2014). In some cases, the need for representation is great, and thus 28 U.S.C. § 1915(e)(1) grants district courts broad discretion to request the appointment of attorneys to represent indigent civil litigants in appropriate circumstances. The Court recognizes, however, that "volunteer lawyer time is extremely valuable" and, for that reason, that "district courts should not request counsel . . . indiscriminately." *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993). The Court must bear in mind "the significant practical restraints on the district court's ability to appoint counsel: . . . the lack of funding to pay appointed counsel[] and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Id.*

When evaluating an application for the appointment of pro bono counsel, the Court assesses seven factors originally identified by the United States Court of Appeals for the Third Circuit in *Tabron v. Grace*, 6 F.3d 147:

1. the potential merit of the applicant's legal position;
2. the applicant's ability to present the case without counsel;
3. the complexity of the legal issues involved;
4. the extent of factual discovery and the applicant's ability to investigate and to comply with discovery rules;
5. the extent to which the case may turn on credibility determinations;

6. whether expert testimony will be needed; and

7. whether the applicant can afford paid counsel.

*See Pricaspian Dev. Corp. v. Martucci*, No. 11-1459, 2011 WL 2429315, at *2 (D.N.J. June 13, 2011) (citing *Tabron*, 6 F.3d at 155, 158); *Prudential Ins. Co. of Am. v. Dobson*, No. 08-3951, 2009 WL 115966, at *1–2 (D.N.J. Jan. 16, 2009) (same).

Balancing the various *Tabron* factors, the Court finds that Plaintiffs have failed to show that appointment of *pro bono* counsel is warranted at this time. Plaintiffs appear able to adequately advance their legal positions despite the complexity of the issues involved, and, in any case, their *pro se* filings will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam). Assuming that this proceeding survives the pending dismissal motion, Plaintiff may seek, if necessary, the Court's assistance to obtain relevant factual discovery. The Court presently does not foresee any credibility determinations or expert testimony. Accordingly, Plaintiffs' motion for appointment of *pro bono* counsel is denied without prejudice to another such application if circumstances related to the *Tabron* factors substantially change.

Plaintiffs seek thirty additional days to oppose the pending dismissal motion as they are in different locations and as they are proceeding *pro se*. (ECF No. 14.) In the interests of justice, this additional time is granted.

Therefore, IT IS, on this 30th day of January 2018,

ORDERED that Plaintiffs' motion to appoint pro bono counsel (ECF No. 8) is DENIED without prejudice; and it is further

ORDERED that Plaintiffs' motion for additional time to file papers opposing the pending motion to dismiss (ECF No. 14) is GRANTED and Plaintiffs shall file any opposition papers no later than February 28, 2018; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order upon Plaintiffs by regular U.S. mail.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge