# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES RASHID et al., | : |
| Plaintiffs, | : Civ. No. 17-2805 (FLW) (TJB) |
| v. | : |
| GARY M. LANIGAN et al., | : **MEMORANDUM OPINION** |
| Defendants. | : |

**FREDA L. WOLFSON, U.S.D.J.**

Charles Rashid, Ibn Pasha, and William McCray (collectively, "Plaintiffs") are proceeding with various claims concerning limitations on Islamic practice at New Jersey State Prison under 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the New Jersey Civil Rights Act ("NJCRA"). (Am. Pet., ECF No. 7.) On December 8, 2017, defendants, Gary Lanigan ("Lanigan"), Stephen D'Ilio ("D'Ilio"), Andrew P. Sidamon-Eristoff ("Sidamon-Eristoff"), and Jignasa Desai-McCleary ("Desai-McCleary") (collectively, "Defendants"), moved to dismiss the action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) On January 16, 2018, Plaintiffs filed a motion for an extension of their time to file an opposition to the dismissal motion. (ECF No. 14.) Shortly thereafter, the Court granted Plaintiffs' extension motion and directed Plaintiffs to file any opposition by February 28, 2018. (*See* ECF No. 15.)

The Court never received any opposition papers from Plaintiffs. On July 31, 2018, the Court issued an Opinion and Order that granted in part and denied in part Defendants' dismissal motion. (ECF Nos. 16 & 17.) Specifically, the Court dismissed the § 1983 claims insofar as they sought damages against Defendants in their official capacities as barred by the Eleventh

Amendment, dismissed the NJCRA claims as against Defendants in their official capacities as barred by Eleventh Amendment immunity, dismissed certain claims regarding daily Halal meals insofar as they sought damages against Defendants in their individual capacities, dismissed all claims regarding Halal feast meals, dismissed all claims against Sidamon-Eristoff and Desai-McCleary for failure to adequately plead personal involvement, and dismissed a claim concerning congregational prayer as asserted against Lanigan. (*See* ECF No. 16.) The Court permitted all other claims to proceed, including some § 1983 claims seeking injunctive relief and some claims under the RLUIPA. (*Id.*)

Plaintiffs now move for reconsideration of the Opinion and Order resolving the dismissal motion. (ECF No. 18.) Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014). A party seeking reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are not intended as opportunities to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Thus, the movant has the burden of demonstrating one of three bases for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its original decision]; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Plaintiffs argue that the Court erred in deciding the dismissal motion as unopposed, as they claim that "Plaintiffs Answer to the Oppositon [sic] was attached to the Motion for Extension of Time." (ECF No. 18 at ECF p. 1.) They allege that their "answer" was "clearly received and overlooked" and urge that their opposition "should be retrieved, read and taken in to account in the final opinion." (*Id.* at ECF pp. 1–2.) In support of this, Plaintiffs contend that the opposition was "signed and mailed on February 7, 2018, and they attach a short opposition brief with one signature dated January 29, 2018 and two signatures dated February 7, 2018 and a certificate of service claiming it was mailed on February 7, 2018. (*Id.* at ECF pp. 4–9.)

Plaintiffs' contention that their opposition was attached to their motion for an extension of time is clearly flawed: the earliest date on the opposition is January 29, 2018, but the Court had received the motion for an extension by January 16, 2018. (*Compare* ECF No. 14 *with* ECF No. 18.) Thus, it is clear that the Court did *not* "receive and overlook[]" opposition papers included with the extension motion. Nevertheless, even if the Court had somehow overlooked the opposition now submitted by Plaintiffs, I find that this submission would not have affected the outcome of the motion.

Plaintiffs first argue that "State officials sued in their official capacities do not have Eleventh Amendment immunity when sued for prospective injunctive relief" and that "RLUIPA permits Plaintiffs to obtain appropriate relief against a government."[1] (ECF No. 18 at ECF p. 4 (internal quotation marks omitted).) Of course, the Court acknowledged these points in the prior Opinion and did not dismiss as barred by Eleventh Amendment immunity the § 1983 claims

---

[1] Plaintiffs' opposition raises the exact same arguments in opposition to a grant of qualified immunity. (ECF No. 18 at ECF pp. 6–7.)

insofar as they sought prospective injunctive relief from Defendants in their official capacities or the RLUIPA claims.[2] (*See* ECF No. 16 at 10–11.)

Plaintiffs next contend that, as each Defendant had authority to creating policy within their respective departments, they have established adequate personal involvement for § 1983 claims. (ECF No. 18 at ECF pp. 5–6.) In the prior Opinion, I found, construing Plaintiffs' *pro se* Amended Complaint liberally, that they had generally pleaded sufficient personal involvement by Lanigan and D'Ilio for potential supervisory liability. (ECF No. 16 at 13.) I found however, that Plaintiffs had not pleaded an adequate connection between most claims and the Treasury Department, where Sidamon-Eristoff and Desai-McClearly were employed, to establish their personal involvement. (*Id.*) Furthermore, I found that Plaintiffs had failed to plead adequate facts in support of their Halal feast-meal claim, the only claim that purportedly involved the Treasury Department, and dismissed those claims. (*Id.* at 14.) Thus, Plaintiffs generally were successful on the issue of showing personal involvement of Defendants as policy makers; to the extent claims were dismissed, it was not premised on any finding that they were not responsible for policy within their respective departments. (*See id.* at 13–14.)

Finally, Plaintiffs contend that punitive damages can be awarded based on claims of constitutional violations. (ECF No. 18 at ECF p. 8.) The Court, in fact, agreed with this position, finding that the propriety of punitive damages was, in this case, a factual question inappropriate for resolution on a dismissal motion, and declined to dismiss Plaintiffs' punitive-damages demand. (ECF No. 16 at 17.)

---

[2] Indeed, Defendants' motion only sought dismissal under the Eleventh Amendment of damages claims against Defendants in their official capacities. (*See* ECF No. 13-1 at 6–8.) Additionally, as noted in the Court's prior Opinion, a RLUIPA claim does not permit recovery of damages. *See Parkell v. Senato*, 704 F. App'x 122, 125 (3d Cir. 2017.)

Accordingly, Plaintiffs have not shown any basis for an award of the "extraordinary remedy" of reconsideration. *See Buzz Bee Toys*, 20 F. Supp. 3d at 515. They have not shown that the Court overlooked an opposition to the dismissal motion that was timely filed. In any case, even if the Court had considered the opposition Plaintiffs purportedly attempted to file, it would not have changed the outcome of the prior Opinion and Order, mainly because the Court's decisions therein were entirely consistent with the positions argued in the opposition brief.

For these reasons, Plaintiffs' motion for reconsideration of the Court's prior Opinion and Order, (ECF No.18), is DENIED. An appropriate Order will be entered.

DATED: February 14, 2019
/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge